CLIFFSIDE CONDOMINIUM ASSOCIATION, INC. *v.*
ROBERT A. CUSHMAN ET AL.
(AC 27326)

Bishop, Harper and Peters, Js.

Argued February 13—officially released April 24, 2007

*Ronald J. Barba*, for the appellant (plaintiff).

*Robert A. Cushman*, pro se, the appellee (named defendant).

*Opinion*

PER CURIAM. The plaintiff, Cliffside Condominium Association, Inc., appeals from the judgment of the trial court in favor of the defendant Robert A. Cushman.[1] On appeal, the plaintiff claims that the court abused its discretion in failing to render a judgment of strict foreclosure in its favor. We disagree and affirm the judgment of the trial court.

The plaintiff instituted this action seeking a foreclosure of its condominium common charge lien pursuant to General Statutes § 47-258, as well as other relief, on property owned by the defendant. In response, the

[1] Bank of America, N.A., Homeside Lending, Inc., Chase Manhattan Bank USA, N.A., and the state of Connecticut are also named defendants in this action. Because they are not parties to this appeal, we refer to Cushman as the defendant.

defendant filed an answer, special defenses and a counterclaim. The court, sua sponte, bifurcated the trial of the plaintiff's foreclosure complaint from the trial of the defendant's counterclaim. Following the trial of the foreclosure complaint, the court issued a memorandum of decision finding that the plaintiff had failed to meet its burden of proof as to the amount of the debt and, accordingly, rendered judgment in favor of the defendant.

"Mortgage foreclosure appeals are reviewed under an abuse of discretion standard. A foreclosure action is an equitable proceeding. . . . The determination of what equity requires is a matter for the discretion of the trial court. . . . In determining whether the trial court has abused its discretion, we must make every reasonable presumption in favor of the correctness of its action. . . . Our review of a trial court's exercise of the legal discretion vested in it is limited to the questions of whether the trial court correctly applied the law and could reasonably have reached the conclusion that it did." (Internal quotation marks omitted.) *Franklin Credit Management Corp.* v. *Nicholas*, 73 Conn. App. 830, 838, 812 A.2d 51 (2002), cert. denied, 262 Conn. 937, 815 A.2d 136 (2003).

"[A] foreclosure complaint must contain certain allegations regarding the nature of the interest being foreclosed. These should include allegations relating to the parties and terms of the operative instruments, the nature of the default giving rise to the right to foreclosure, the amount currently due and owing, the name of the record owner and of the party in possession, and appropriate prayers for relief. D. Caron, Connecticut Foreclosures: An Attorney's Manual of Practice and Procedure (3d Ed. 1997) § 4.09, p. 106." (Internal quotation marks omitted.) *New England Savings Bank* v. *Bedford Realty Corp.*, 246 Conn. 594, 610, 717 A.2d 713 (1998). "In order to establish a prima facie case, the

proponent must submit evidence which, *if credited*, is sufficient to establish the fact or facts which it is adduced to prove." (Emphasis in original; internal quotation marks omitted.) Id., 608.

The plaintiff claims that the court abused its discretion in finding that it had failed to meet its burden of proving the amount of the debt owed by the defendant. In its memorandum of decision, the court stated that there were numerous inconsistencies in the testimony and evidence regarding the amount of the debt, including conflicting affidavits offered by the plaintiff as to the amount of the debt and the application of payments made by the defendant. Indeed, the court did not find that there was any debt owed to the plaintiff. In light of the plaintiff's own characterization of the evidence as to the amount of the debt as "somewhat confusing," we cannot conclude that the court abused its discretion in determining that the plaintiff failed to meet its burden of proof.

The judgment is affirmed.